UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| Gerald Hailey and<br>Deborah Hailey | )<br>)<br>) | CASE NO. 07-1085 |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | **FILED** |
| BNSF Railway Company,<br>a Delaware Corporation,<br>Rock River Environmental<br>Services, Inc., an Illinois Corporation,<br>Illinois Valley Waste Services, Inc.<br>an Illinois Corporation, and<br>Bennington Township | )<br>)<br>)<br>)<br>)<br>)<br>) | APR - 9 2007<br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS<br><br>**JURY DEMAND** |

## COMPLAINT

**NOW COMES** the Plaintiffs, Gerald Hailey and Deborah Hailey, by and through their attorneys, Ronald J. Barczak, Yaeger, Jungbauer & Barczak, PLC. and Nile J. Williamson, for their causes of action against the Defendants, BNSF Railway Company, Rock River Environmental Services, Inc., Illinois Valley Waste Services, Inc. and Bennington Township, states and alleges as follows:

1.  At all material times, the Plaintiffs, Gerald Hailey and Deborah Hailey, were and are residents of the City of Fort Madison, County of Lee, State of Iowa.

2.  At all material times, Defendant BNSF Railway Company (hereinafter "BNSF") was and is a corporation duly organized and existing under the laws of the State of Delaware, was engaged as a common carrier in interstate commerce, and was operating an interstate system of railroads in and through the several states, including the State of Illinois and various counties throughout this district.

3. That this action properly lies in this district pursuant to 28 USC Sec. 1391(b)(2) because the claim arose in this judicial district. That this is a civil action seeking damages from the defendants for violation of statutes under the laws of the United States and for state tort claims provided by the state of Illinois.

4. At all material times, Defendant Rock River Environmental Services, Inc. (hereinafter "Rock River") was a corporation duly organized and existing under the laws of the State of Illinois, and was operating as a company which provided services to the public throughout the State of Illinois, including services in and throughout several counties in this District.

5. At all material times, Defendant Illinois Valley Waste Services, Inc. (Illinois Valley) was a corporation duly organized and existing under the laws of the State of Illinois, and was operating as a company which provided services to the public throughout the State of Illinois, including services in and throughout several counties in this District.

6. At all time material herein, Bennington Township was a municipality in Marshall County.

7. At all material times, Defendant BNSF was an interstate carrier by rail and was engaged in interstate transportation and commerce; and that Plaintiff Gerald Hailey was in the employ of Defendant BNSF and as such was working and engaged in interstate transportation and commerce at the time hereinafter set forth, and at such time was working in the furtherance of Defendant BNSF's interstate commerce, and in work which directly, closely and substantially affected the general interstate commerce carried on by Defendant BNSF.

8. On or about September 22, 2006, while Plaintiff Gerald Hailey was working in the course and scope of his employment with Defendant BNSF, he was riding in a locomotive

approaching a railroad crossing, upon information and belief to be crossing 004520X, located at Township Road and 2900E in Bennington Township, Illinois. As Defendant BNSF's train approached the crossing a vehicle owned by Defendant Rock River and operated by its employee and agent, Dwayne Wilinski, attempted to cross the railroad tracks resulting in a collision between the locomotive Plaintiff was in and the vehicle; and causing Plaintiff to sustain injuries as set forth hereinafter.

9. Decedent Dwayne Wilinski was an employee and/or agent of Defendant Rock River and/or Defendant Illinois Valley and was acting within the scope and course of said employment at the time of the incident.

10. At all material times the tracks and crossing upon which Plaintiff suffered injury were owned, operated, maintained, and/or controlled by Defendant BNSF.

11. Plaintiff Gerald Hailey brings his cause of action against Defendant BNSF pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*; and that this action is commenced timely within the meaning of 45 U.S.C. § 56.

12. This Court has diversity jurisdiction over the claims of Plaintiffs Gerald and Deborah Hailey against Defendants Rock River, Illinois Valley, and Bennington Township pursuant to 28 U.S.C. § 1332 in that Defendants are citizens of a different state than each plaintiff and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. This Court has supplemental jurisdiction, pursuant to 28 U.S.C.§ 1367, over the claims of Plaintiffs Gerald Hailey and Deborah Hailey against Defendants Rock River, Illinois Valley and Bennington Township.

## COUNT I
## FELA VIOLATION OF BNSF

14.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 13 of their Complaint as if the same were set forth at length herein.

15.     The September 22, 2006, injuries sustained by Plaintiff and the resulting damages came as a result, in whole or in part, of the negligence of Defendant BNSF, its officers, employees and agents, and in violation of the FELA, 45 U.S.C. § 51 et seq., to wit, Defendant BNSF was negligent in:

- a. failing to provide Plaintiff with a reasonably safe place in which to work as required by law;

- b. failing to provide sufficient assistance to Plaintiff with which to perform the work with reasonable safety;

- c. failing to provide Plaintiff with reasonably safe equipment with which to perform said work;

- d. failing to properly instruct, educate and train its agents and/or employees;

- e. failing to properly warn Plaintiff of the dangers that confronted him;

- f. failing to provide proper supervision and training for the work assigned to Plaintiff and its other employees;

- g. creating and permitting a dangerous and hazardous condition to exist on the crossings, properties, premises, work areas, or equipment where its employees were required to work;

- h. failing to adopt, enforce and carry out safe customs, practices and procedures in doing the work which it assigned;

- i. failing to properly install, implement and enforce a safe and proper procedure for the work assigned to Plaintiff;

- j. assigning Plaintiff to perform work which was unsafe;

- k. requiring Plaintiff to work in awkward positions during an unsafe maneuver;

l.  failing to instruct Plaintiff in safe work techniques;

m.  violating Rule 1535.206 of the Illinois Commerce Commission in that defendant had a duty by law to construct and maintain the crossing and its approaches so that they would be reasonably safe as to persons or property, but said defendants did not maintain the crossing or approaches thereto so that at all times they would be reasonably safe as to person and property; and

n.  other acts of negligence.

16. As a result, in whole or in part, of the foregoing negligence of Defendant BNSF and its agents, in violation of the FELA, a collision was caused to occur as set forth above, causing Plaintiff Gerald Hailey to sustain severe, permanent and disabling physical injuries to his body including his right shoulder, back, neck, and the bones, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems; and that Plaintiff Gerald Hailey has suffered in the past and will continue to suffer in the future pain and anguish and loss of enjoyment of life; as well as psychological injuries and that he was otherwise injured and permanently disabled.

17. As a result, in whole or in part, of the foregoing negligence of Defendant BNSF and its agents, in violation of the FELA, Plaintiff Gerald Hailey has lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

18. In an effort to treat, heal and relieve his injuries, Plaintiff Gerald Hailey has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

WHEREFORE, Plaintiff Gerald Hailey prays for judgment against the above named Defendant, BNSF RAILWAY COMPANY, a Delaware corporation, for recovery of reasonable

damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

## COUNT II - ROCK RIVER

19. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 13 of their Complaint as if the same were set forth at length herein.

20. On September 22, 2006, Defendant Rock River's agent and employee, Dwayne Wilinski, was operating a vehicle owned by Defendant Rock River in the course and scope of his employment, and was approaching the crossing, believed to be 004520X, at Township Road and 2900E.

21. Defendant Rock River through its agent and employee Dwayne Wilinski, operated said vehicle in a negligent and reckless fashion, driving onto the crossing and into the path of Plaintiff's oncoming train, causing a collision to occur whereby the train upon which Plaintiff was working struck Defendant Rock River's truck, and further causing Plaintiff Gerald Hailey to sustain injuries as set forth hereinafter.

22. The September 22, 2006 injuries sustained by Plaintiff and the resulting damages were caused as a direct and proximate result of the negligent, careless and unlawful conduct of Defendant Rock River, through its employee and agent Dwayne Wilinski, to wit said Defendant was negligent in:

  a. failing to stop not closer than 15 feet or farther than 50 feet from the nearest rail when a human flagman gives a signal of the approach of a train and proceeding through the crossing before the tracks were clear and could do so safely, in violation of 625 ILCS 5/11-1201(a)(2) (2006);

  b. failing to stop not closer than 15 feet or farther than 50 feet from the nearest rail when a railroad engine emitted a clearly audible warning signal and proceeding

        through the crossing before the tracks were clear and could do so safely, in violation of 625 ILCS 5/11-1201(a)(3) (2006);

    c.    failing to stop not closer than 15 feet or farther than 50 feet from the nearest rail when an approaching train was clearly visible and in hazardous proximity to the crossing and proceeding through the crossing before the tracks were clear and could do so safely, in violation of 625 ILCS 5/11-1201(a)(4) (2006);

    d.    violation of various other Illinois traffic statutes, 625 ILCS § 5/11-100 *et seq.*;

    e.    failing to yield the right-of-way to an oncoming train;

    f.    failing to take proper measures to avoid collision with an oncoming train;

    g.    failing to keep a proper lookout;

    h.    failing to brake;

    i.    failing to exercise due care in operating the vehicle;

    j.    failing to keep the vehicle under proper control and to operate it with caution and circumspection under the conditions at the time and place alleged;

    k.    failing to heed the warning signs or devices located at or near the crossing;

    l.    operating the vehicle in a careless and wanton manner without regard for the safety of others;

    m.    failing to heed plain and audible signals given of the train's approach to the crossing; and

    n.    other acts of negligence.

23.    As a direct and proximate result of the negligence of Defendant Rock River, its agents and employees, a collision was caused to occur as set forth above, causing Plaintiff Gerald Hailey to sustain severe, permanent and disabling physical injuries to his body including his right shoulder, back, neck, and the bones, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems; and that Plaintiff Gerald Hailey has suffered in the past and will continue to suffer in the

future pain and anguish and loss of enjoyment of life; as well as psychological injuries and that he was otherwise injured and permanently disabled.

24.     As a direct and proximate result of the negligence of Defendant Rock River, its agents and employees, Plaintiff Gerald Hailey has lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

25.     In an effort to treat, heal and relieve his injuries, Plaintiff Gerald Hailey has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

WHEREFORE, Plaintiff Gerald Hailey prays for judgment against the above named Defendant, Rock River, an Illinois corporation, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

### COUNT III - NEGLIGENCE OF ILLINOIS VALLEY

26.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 13 of their Complaint as if the same were set forth at length herein.

27.     On September 22, 2006, Defendant Illinois Valley's agent and employee, Dwayne Wilinski, was operating a vehicle owned by Defendant Rock River and was in the course and scope of his employment, and was approaching the crossing, believed to be 004520X, at Township Road and 2900E.

28.     Defendant Illinois Valley through its agent and employee Dwayne Wilinski, operated said vehicle in a negligent and reckless fashion, driving onto the crossing and into the path of Plaintiff's oncoming train, causing a collision to occur whereby the train upon which

Plaintiff was working struck Defendant Rock River's truck, and further causing Plaintiff Gerald Hailey to sustain injuries as set forth hereinafter.

    29.    The September 22, 2006 injuries sustained by Plaintiff and the resulting damages were caused as a direct and proximate result of the negligent, careless and unlawful conduct of Defendant Illinois Valley, through its employee and agent Dwayne Wilinski, to wit said Defendant was negligent in:

    a.    failing to stop not closer than 15 feet or farther than 50 feet from the nearest rail when a human flagman gives a signal of the approach of a train and proceeding through the crossing before the tracks were clear and could do so safely, in violation of 625 ILCS 5/11-1201(a)(2) (2006);

    b.    failing to stop not closer than 15 feet or farther than 50 feet from the nearest rail when a railroad engine emitted a clearly audible warning signal and proceeding through the crossing before the tracks were clear and could do so safely, in violation of 625 ILCS 5/11-1201(a)(3) (2006);

    c.    failing to stop not closer than 15 feet or farther than 50 feet from the nearest rail when an approaching train was clearly visible and in hazardous proximity to the crossing and proceeding through the crossing before the tracks were clear and could do so safely, in violation of 625 ILCS 5/11-1201(a)(4) (2006);

    d.    violation of various other Illinois traffic statutes, 625 ILCS § 5/11-100 *et seq.*;

    e.    failing to yield the right-of-way to an oncoming train;

    f.    failing to take proper measures to avoid collision with an oncoming train;

    g.    failing to keep a proper lookout;

    h.    failing to brake;

    i.    failing to exercise due care in operating the vehicle;

    j.    failing to keep the vehicle under proper control and to operate it with caution and circumspection under the conditions at the time and place alleged;

    k.    failing to heed the warning signs or devices located at or near the crossing;

    l.    operating the vehicle in a careless and wanton manner without regard for the

    safety of others;

m. failing to heed plain and audible signals given of the train's approach to the crossing; and

n. other acts of negligence.

30. As a direct and proximate result of the negligence of Defendant Illinois Valley, its agents and employees, a collision was caused to occur as set forth above, causing Plaintiff Gerald Hailey to sustain severe, permanent and disabling physical injuries to his body including his right shoulder, back, neck, and the bones, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems; and that Plaintiff Gerald Hailey has suffered in the past and will continue to suffer in the future pain and anguish and loss of enjoyment of life; as well as psychological injuries and that he was otherwise injured and permanently disabled.

31. As a direct and proximate result of the negligence of Defendant Illinois Valley, its agents and employees, Plaintiff Gerald Hailey has lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

32. In an effort to treat, heal and relieve his injuries, Plaintiff Gerald Hailey has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

WHEREFORE, Plaintiff Gerald Hailey prays for judgment against the above named Defendant, Illinois Valley, an Illinois corporation, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

## COUNT IV - NEGLIGENCE AGAINST BENNINGTON TOWNSHIP

33. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 13 of their Complaint as if the same were set forth at length herein.

34. The September 22, 2006, injuries sustained by Plaintiff and the resulting damages came as a direct cause, of the negligence of Defendant Bennington Township, its officers, employees and agents, Defendant Bennington Township was negligent in failing to sufficiently and properly maintain the roadway approaching said crossing and in failing to comply with the 92 Ill. Adm. Code 1535.204.

35. As a direct and proximate result of the negligence of Defendant Bennington Township, its agents and employees, a collision was caused to occur as set forth above, causing Plaintiff Gerald Hailey to sustain severe, permanent and disabling physical injuries to his body including his right shoulder, back, neck, and the bones, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems; and that Plaintiff Gerald Hailey has suffered in the past and will continue to suffer in the future pain and anguish and loss of enjoyment of life; as well as psychological injuries and that he was otherwise injured and permanently disabled.

36. As a direct and proximate result of the negligence of Defendant Bennington Township, its agents and employees, Plaintiff Gerald Hailey has lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

37. In an effort to treat, heal and relieve his injuries, Plaintiff Gerald Hailey has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

WHEREFORE, Plaintiff Gerald Hailey prays for judgment against the above named Defendant Bennington Township for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

**COUNT V- LOSS OF CONSORTIUM - AGAINST DEFENDANT ROCK RIVER**

38. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 13 and 19 through 37 of their Complaint as if the same were set forth at length herein.

39. That at all times material herein, Plaintiffs Gerald Hailey and Deborah Hailey were, and continue to be, married.

40. That as a direct and proximate result of the negligence of Defendant Rock River, Illinois Valley, and Bennington Township as set forth in Count II, III, and IV and by reason of her husband sustaining injuries as set forth above, Plaintiff Deborah Hailey has in the past and will in the future be deprived of the services, society, support, comfort, companionship and consortium of her husband, and by reason of the foregoing, has sustained damages in the amount established by the evidence in the trial of this matter;

WHEREFORE, Plaintiff Deborah Hailey prays for judgment against the above named Defendants, Rock River, Illinois Valley, and Bennington Township, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

GERALD HAILEY AND DEBORAH HAILEY, Plaintiffs,

By: _____

NILE J. WILLIAMSON, Their Attorney


NILE J. WILLIAMSON
ATTORNEY AT LAW
1926 ASSOCIATED BANK PLAZA
PEORIA, IL 61602
TEL: (309) 677-5950
FAX: (309) 677-5952

AND

RONALD J. BARCZAK
745 KASOTA AVE
MINNEAPOLIS, MN 55414
TEL: (612) 333-6371
FAX: (612) 333-3619